# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **c/o United States Attorney's Office** | : | |
| **Judiciary Center Building** | : | |
| **555 4th Street, N.W.** | : | **Civil Action No.:** |
| **Washington, D.C. 20530,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ONE 2006 CHEVROLET CORVETTE** | : | |
| **AUTOMOBILE, VIN NUMBER** | : | |
| **1G1YY26E765131280** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

*COMES NOW*, plaintiff United States of America, by and through its attorney, the United States Attorney for the District of Columbia, to bring this verified complaint for forfeiture in a civil action *in rem* against the defendant property, an automobile that police seized on March 6, 2008, in Washington, D.C. In support of this cause, plaintiff states as follows:

## NATURE OF THE ACTION AND DEFENDANT *IN REM*

1.     This is a civil action *in rem* for the forfeiture to plaintiff's use and benefit of the defendant property, which is a 2006 Chevrolet Corvette Z06 coupe-style automobile. Law enforcement agents seized the car from a parking lot in southeast Washington, D.C., on March 6, 2008, after its owner said he had given a woman $1000 and let her use the vehicle to go buy crack cocaine base. Plaintiff brings this action pursuant to Title 21, United States Code, Section 881(a)(4). Section 881(a)(4) declares to be subject to forfeiture "all conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the

transportation, sale, receipt, possession, or concealment" of controlled substances and related

property in violation of the law commonly called the Controlled Substances Act ("CSA"), 21 U.S.C.

§ 801 *et seq.*

2.      The defendant property is more fully described as:

**One 2006 Chevrolet Corvette Z06 coupe automobile with vehicle identification number ("VIN") 1G1YY26E765131280, bearing Virginia license plates KBK9847, and registered in the Commonwealth of Virginia to Tony Dee Byrne and his wife.**

The defendant property is in the custody of an agency of the U.S. government in Washington, D.C.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction of this civil action by virtue of 28 U.S.C. § 1345,

because it has been commenced by the United States, and by virtue of 28 U.S.C. § 1355(a), because

it is an action for the recovery and enforcement of a forfeiture under an Act of Congress.  Venue is

proper in this District by virtue of 28 U.S.C. § 1355(b)(1), because this is a forfeiture action or

proceeding brought in the district court for the district in which any of the acts or omissions giving

rise to the forfeiture occurred, and by virtue of 28 U.S.C. § 1395, because a civil proceeding for the

forfeiture of property may be prosecuted in the district in which the property is found.  The

defendant property is now, and during the pendency of this action will be, in the jurisdiction of this

Court.

4.      This civil action *in rem* for forfeiture is governed by 21 U.S.C. § 881, 18 U.S.C. §

983, the Federal Rules of Civil Procedure, and the Supplemental Rules for Admiralty or Maritime

Claims and Asset Forfeiture Actions, particularly Rule G.

## STATEMENT OF FACTS

5.      On Thursday, March 6, 2008, at about 6:35 p.m., Denise Randle (called "Ms. Randle"

in the rest of this complaint) got into the defendant automobile, which was parked near a delicatessen on Good Hope Road, S.E., Washington, D.C.  She drove the defendant vehicle away alone.

6.      A sworn police officer saw Ms. Randle drive the defendant vehicle.  In some police records and court papers, Ms. Randle's family name has been spelled Randall.

7.      At about 7:00 p.m., with another woman in the car, Ms. Randle drove the defendant automobile back to the delicatessen lot, where she parked it and the two left the vehicle.

8.      Then, Ms. Randle and the other woman entered an apartment building at a specific address in the 1800 block of Good Hope Road, S.E., Washington, D.C.

9.      At about 7:35 p.m., on March 6, 2008, a team of law enforcement agents executed a search warrant at a particular apartment at this same apartment building in the 1800 Good Hope Road, S.E.  The agents are assigned to a unit of the U.S. Drug Enforcement Administration (called "DEA" in the rest of this complaint).

10.      On March 6, 2008, Ms. Randle was the tenant and resident of the apartment at the specific address in the 1800 block of Good Hope Road, S.E., Washington, D.C., where the agents executed the search warrant.

11.      While executing the search warrant, the agents found and seized suspected crack cocaine base, suspected marijuana, and paraphernalia used to package drugs for illegal sale and for using drugs illegally.

12.      The suspected crack cocaine weighed more than six grams.

13.      When the law enforcement agents entered Ms. Randle's apartment on March 6, 2008, they found there Mr. Tony Dee Byrne (called "Mr. Byrne" in the rest of this complaint), Ms. Randle,

and another person, a woman.

14.    On March 6, 2008, Mr. Byrne and his wife (called "Ms. Byrne" in the rest of this complaint) were the registered owners of the defendant automobile.

15.    Mr. Byrne told police on March 6, 2008, that he had been in Ms. Randle's apartment for about three days and had gone there to use crack cocaine that he got from Ms. Randle.

16.    Mr. Byrne had driven the defendant property to go to Ms. Randle's apartment to use crack cocaine.

17.    During his visit to Ms. Randle's apartment on or about March 6, 2008, Mr. Byrne gave her about $1,000 in cash for her to buy crack cocaine for him.

18.    On or about March 6, 2008, Mr. Byrne allowed Ms. Randle to use the defendant property, so that Ms. Randle could obtain crack cocaine.

19.    Ms. Randle drove the defendant property to a place where she obtained crack cocaine and then transported the drug in the defendant property to her apartment in the 1800 block of Good Hope Road, S.E., Washington, D.C.

20.    On or about March 6, 2008, Ms. Randle distributed to Mr. Byrne the crack cocaine, that she had transported in the defendant property.

21.    On or about March 6, 2008, Mr. Byrne said that he has known Ms. Randall for thirteen years and only visits her when he wants to obtain and use cocaine.  Mr. Byrne also said to law enforcement agents that he has been coming to Ms. Randle for two years to get crack cocaine.

22.    On March 6, 2008, Mr. Byrne said that his wife knew that he was purchasing and using cocaine with Ms. Randall at her residence.

23.    Following execution of the search warrant at Ms. Randle's residence on March 6,

2008, law enforcement agents seized the defendant property. Since then, the defendant property has been in law enforcement's custody, in Washington, D.C.

24.     On March 10, 2008, a law enforcement officer performed tests on surfaces inside the defendant property. One of these tests is commonly called an "ION scan." The test results showed the presence of cocaine inside the defendant property.

25.     On March 10, 2008, the defendant property had no outstanding liens against it.

26.     After the defendant property had been seized, the DEA began procedures to forfeit the defendant property to the U.S. government by an administrative, (non-judicial) process, and the DEA gave notice of this to Mr. Byrne.

27.     On or about April 27, 2008, the DEA received from Mr. Byrne a written claim of ownership of the defendant property.

28.     After receiving this claim to the defendant property, the DEA halted the administrative forfeiture process and referred the matter for forfeiture through the judicial process.

## <u>COUNT ONE</u>

1.     The factual statements made in paragraphs 1 through 28 are re-alleged and incorporated by reference herein.

2.     The defendant property, a 2006 Chevrolet Corvette coupe automobile with VIN 1G1YY26E765131280, is a conveyance and vehicle, which was used, or was intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance in violation of 21 U.S.C. §§ 841 and 846 of the Controlled Substances Act.

3.     As such, the defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

**WHEREFORE**, the plaintiff prays that, as to the above-referenced defendant property, due process and a warrant of arrest *in rem* issue according to law; that, pursuant to law, notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed and the defendant property be condemned as forfeited to the United States of America; and for such other and further relief as this Court may deem just, necessary and proper.

Respectfully submitted,


*/s/ Jeffrey A. Taylor*
JEFFREY TAYLOR, D.C. Bar No. 498610
UNITED STATES ATTORNEY


*/s/ William R. Cowden*
WILLIAM R. COWDEN, D.C. Bar No. 426301
Assistant United States Attorney


*/s/ Barry Wiegand*
BARRY WIEGAND, D.C. Bar No. 424288
Assistant  United States Attorney
Criminal Division, Asset Forfeiture Unit
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
(202) 307-0299
William.B.Wiegand@USDoJ.Gov

## VERIFICATION

I, Steven J. Aziz, a Special Agent of the U.S. Drug Enforcement Administration, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing Verified Complaint for Forfeiture *In Rem* is based upon reports and information known to me and/or furnished to me by law enforcement agents and that everything represented herein is true and correct to the best of my knowledge and belief.

Executed on this _9th_ day of June, 2008.

Steven J. Aziz
Special Agent
U.S. Drug Enforcement Administration

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ **(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ **(IN U.S. PLAINTIFF CASES ONLY)** NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |

**II. BASIS OF JURISDICTION**

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**

**(Place a X in one category, A-N, that best represents your cause of action and <u>one</u> in a corresponding Nature of Suit)**

**☐ A.  *Antitrust***

☐ 410 Antitrust

**☐ B. *Personal Injury/ Malpractice***

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. *Administrative Agency Review***

☐ 151 Medicare Act

<u>Social Security:</u>
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

<u>Other Statutes</u>
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. *General Civil (Other)*  OR  ☐ F. *Pro Se General Civil***

<u>Real Property</u>
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

<u>Personal Property</u>
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

<u>Bankruptcy</u>
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

<u>Prisoner Petitions</u>
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

<u>Property Rights</u>
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

<u>Federal Tax Suits</u>
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

<u>Forfeiture/Penalty</u>
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

<u>Other Statutes</u>
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

|  |  |  |  |
|---|---|---|---|
| **□ G. *Habeas Corpus/ 2255***<br><br>□ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | **□ H. *Employment Discrimination***<br><br>□ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*\*(If pro se, select this deck)\** | **□ I. *FOIA/PRIVACY ACT***<br><br>□ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*\*(If pro se, select this deck)\** | **□ J. *Student Loan***<br><br>□ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| **□ K. *Labor/ERISA (non-employment)***<br><br>□ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | **□ L. *Other Civil Rights (non-employment)***<br><br>□ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | **□ M. *Contract***<br><br>□ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | **□ N. *Three-Judge Court***<br><br>□ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify)  □ Multi district Litigation  □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

21 U.S.C. §881(a)(4), forfeiture of all conveyances, including aircraft, vehicles,...which are used,...to transport, or facilitate the transportation, sale, receipt, possession, or concealment of controlled substances in violation of the Controlled Substances Act, codified at 21 U.S.C. §801 *et seq.*

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23 | **DEMAND $** | Check YES only if demanded in complaint **JURY DEMAND:** □ YES ☒ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  □ YES  ☒ NO   If yes, please complete related case form.

DATE 6/9/2008   SIGNATURE OF ATTORNEY OF RECORD   *Barry Wiegand AUSA*
Barry Wiegand, Assistant U.S. Attorney

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.