## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,                  ) | |
|                            Plaintiff,   ) | |
| v.                                         ) | Civil Action No.: 08-0989 (JR) |
| ONE 2006 CHEVROLET CORVETTE                ) | |
| AUTOMOBILE, VIN NUMBER                     ) | |
| 1G1YY26E765131280                          ) | |
|                            Defendant. ) | |
| TONY DEE BYRNE                             ) | |
|    and                                     ) | |
| DEBORAH BYRNE,                             ) | |
|                            Claimants.  ) | |

## JOINT STATUS REPORT FOR COURT

To assist the Court by reporting on the status of pre-trial preparations, counsel for plaintiff and for claimants have consulted in person, by phone, and by e-mail to meet and confer about this civil action and to develop a proposed scheduling order. As a result, the parties respectfully state the following:

I.    This is a civil action brought *in rem* to forfeit to the U.S. government a 2006 Chevrolet Corvette Z06 coupe-style automobile, which law enforcement agents seized from a parking lot in southeast Washington, D.C., on March 6, 2008. The plaintiff United States alleges that the automobile's owner said he had given a woman $1000 and let her use the vehicle to go buy crack cocaine base. Plaintiff brought this action under 21 U.S.C. § 881(a)(4), which authorizes forfeiture

of property because of its ties to a drug-related crime.[1]  Mr. Tony Dee Byrne and Ms. Deborah Byrne each have filed a verified claim to the defendant Corvette and an answer to the forfeiture complaint, in which they oppose the forfeiture and ask for the automobile to be returned.  Both claimants are represented by the same counsel, Ms. Nikki U. Lotze, Esq., Roberts & Wood.  Plaintiff and claimants are the only parties before the Court, and they do not expect anyone else to join this case.

II.     **Plaintiff's Statement of the Case**: Tony Byrne and Deborah Byrne, his wife, own the defendant 2006 Chevrolet Corvette Z06 coupe-style automobile.  A day or so before March 6, 2008, Mr. Byrne went to an apartment in Washington, D.C., where he had "binged" on crack cocaine in the past, buying the drug from the tenant who lived there.  On and before March 6, 2008, Mr. Byrne used crack cocaine in this apartment.  In the early evening of March 6, 2008, police saw the tenant get into Mr. Byrne's Corvette, which was in a parking lot, and drive away.  Not long afterward, the tenant returned in the car, and then went into her home after parking the Corvette.  Police served a search warrant at the home and found Mr. Byrne there.  In searching the place, police seized crack cocaine and drug paraphernalia.  Mr. Byrne told police that he had given the tenant $1000 and let her use his car to go buy crack cocaine base for him to smoke.  A witness has confirmed this story.

Mrs. Byrne knew that Mr. Byrne had a drug problem, that he used the Corvette to go places where he went on multi-day drug binges, that he had taken the car a day or so before March 6, 2008, not come home, and that he was on an apparent binge.  Thus, she cannot be "an innocent owner."

**Claimant's Statement of the Case**: Tony and Deborah Byrne jointly co-own the defendant

---

[1] Civil Rule 26(a)(1)(B)(ii) excludes from its reach "a forfeiture action *in rem* arising from a federal statute."

2006 Chevrolet Corvette Z06 coupe-style automobile. On or about March 6, 2008, Mr. Byrne went to Denise Randle's apartment in Washington, D.C., and parked the defendant vehicle outside Ms. Randle's apartment. Mr. Byrne then went into Ms. Randle's apartment, got high on crack cocaine, and passed out. While Mr. Byrne was passed out in the apartment, and unbeknownst to him, Ms. Randle used the defendant vehicle without Mr. Byrne's knowledge. Police surveilled Ms. Randle's activities while driving the defendant vehicle, and have reported that Ms. Randle and another woman drove about in the vehicle without the participation or involvement of Mr. Byrne.

Deborah Byrne is an innocent owner. Ms. Byrne did not know where Tony Byrne was on March 6, 2008; nor did Ms. Byrne in any way sanction Mr. Byrne's abuse of crack cocaine. Even if it were true that Mr. Byrne consented to the use of defendant vehicle for the purchase of crack cocaine, Deborah Byrne neither knew of any such consent, nor did she participate in nor in any way sanction any such consent.

III.    **Procedural Status**: Plaintiff filed its verified complaint for forfeiture of the defendant property to initiate this action on or about June 9, 2008. Mr. Byrne filed an answer to the complaint on June 16, 2008, and filed a verified claim to the defendant Corvette on July 14, 2008. Ms. Byrne filed both a verified claim to the defendant Corvette and an answer to the complaint on July 14, 2008. There have been no other pleadings filed in this action.

IV.    **The following information is provided consistent with Local Civil Rule 16.3(c)**:

(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

**The parties do not expect to file a dispositive motion before starting discovery, and none has been filed. The parties do not now expect to file a joint motion for an interlocutory sale of the defendant automobile. Plaintiff plans to file a dispositive motion for summary judgment when discovery is completed.**

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**Plaintiff believes that the time within which any other party might properly join this action is over. The parties do not plan to join other parties or amend the pleadings. But, if there be a need to join other parties or amend the pleadings, the parties will do so within 60 days of this report. The parties will try to narrow the factual and legal issues.**

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**The parties do not consent to assignment of the case to a Magistrate Judge.**

(4) Whether there is a possibility of settling the case.

**The Parties believe there is a possibility of settlement.**

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

**The Parties do not believe the case could benefit now from the Court's ADR procedures and recommend against taking any steps to facilitate such ADR.**

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**Plaintiff plans to file a post-discovery motion for summary judgment. Claimant might file a dispositive motion, too, and reserves the right to do so. As noted, the parties do not now plan to file a joint motion for an interlocutory sale of the defendant automobile.**

**The parties agree that if a post-discovery dispositive motion is to be filed, it shall be filed within 45 days after the close of discovery; that the opposing party shall have 30 days thereafter in which to file an Opposition; and that the moving party shall have 15 days to file a Reply.**

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and whether any changes should be made in the scope, form or timing of these disclosures.

**Plaintiff regards Rule 26(a)(1) as inapplicable to civil forfeiture cases. This case is governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Regardless, the parties consent to elimination of initial disclosures, which otherwise**

**would be required by Rule 26(a)(1).**

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**Neither party expect to seek a stay of these proceedings pending the outcome of any criminal proceedings. The parties believe that all discovery can be completed within 165 days from the issuance of a scheduling order, that is five months from a date 15 days after the issuance of the scheduling order. The parties do not see any need to place special limits on discovery.**

(9) Whether the requirements of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., should be modified, and whether and when depositions should occur.

**Plaintiff believes that the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified so that a proponent's Rule 26(a)(2) statements will be due within 60 days of commencement of discovery, and an opponent's Rule 26(a)(2) statements will be due within 90 days after commencement of discovery.**

(10) Class Actions

**The parties believe that there are no class issues in this case.**

(11) Bifurcation of discovery or trial.

**The parties do not see a need to bifurcate discovery or trial.**

(12) The date for the pre-trial conference.

**The parties propose that a pretrial conference be held, if necessary, 30 days after a decision on all post-discovery dispositive motions**, or, if no dispositive motions are filed, 60 days after the close of discovery.

(13) Setting Trial date at first scheduling conference or at pretrial conference.

**The parties recommend that the Court set a trial date at the pretrial conference.**

(14) Any other matters to be included in a scheduling order.

**The parties do not believe that there is any other matter not addressed above that should be included in a proposed Scheduling Order, which is attached.**

        Respectfully submitted,

        */s/ Jeffrey A. Taylor*
        JEFFREY TAYLOR, D.C. Bar No. 498610
        UNITED STATES ATTORNEY

        */s/ William R. Cowden*
        WILLIAM R. COWDEN, D.C. Bar No. 426301
        Assistant United States Attorney

        */s/ Barry Wiegand*
        BARRY WIEGAND, D.C. Bar No. 424288
        Assistant  United States Attorney
        Criminal Division, Asset Forfeiture Unit
        555 Fourth Street, N.W., Fourth Floor
        Washington, D.C. 20530
        (202) 307-0299
        William.B.Wiegand@USDoJ.Gov

        and

        */s/ Nikki U. Lotze*
        Ms. Nikki U. Lotze, Esq., Bar No. 447881
        Roberts & Wood, Attorneys At Law
        6801 Kenilworth Avenue
        Berkshire Building, Suite 202
        Riverdale, Maryland 20737
        (301) 699-0764; (301) 699-8706 (fax)
        nlotze@robertsandwood.com (e-mail)
        Counsel for Claimants Tony Dee Byrne and
        Deborah Byrne

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that, before filing this Statement of Results of Rule 16.3 Conference, I obtained approval to do so from: Ms. Nikki U. Lotze, Esq., Roberts & Wood, Attorneys At Law,

6801 Kenilworth Avenue, Berkshire Building, Suite 202, Riverdale, Maryland 20737, (301) 699-0764; (301) 699-8706 (fax), nlotze@robertsandwood.com (e-mail), Counsel for Claimants Tony Dee Byrne and Deborah Byrne and that I also transmitted it to her through this Court's ECF system upon filing with the Court, on or before the fourteenth day of August 2008.

                                           */s/ Barry Wiegand*
                                           Barry Wiegand,
                                           Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
|                                                         ) | |
|           Plaintiff,        ) | |
|                                                         ) | |
| v.                          ) | Civil Action No.: 08-0989 (JR) |
| ONE 2006 CHEVROLET CORVETTE    ) | |
| AUTOMOBILE, VIN NUMBER          ) | |
| 1G1YY26E765131280                 ) | |
|          Defendant.      ) | |
| TONY DEE BYRNE                 ) | |
|   and                              ) | |
| DEBORAH BYRNE,               ) | |
|          Claimants.       ) | |

## **INITIAL SCHEDULING ORDER**

This matter came before the Court following submittal by the parties of a Joint Status Report For Court in the nature of a "meet-and-confer" statement under Rule 26(f), as well as a status hearing in Court on July 29, 2008. The Court accepts the report as meeting the parties' obligations under the civil rules, including the local rules. Upon consideration of this entire matter, the Court makes this scheduling order, pursuant to Rule 16:

Initial disclosures under Fed. R. Civ. P. 26 are inapplicable to this case. The parties may use methods of discovery in any sequence in accordance with Fed. R. Civ. P. 26(d). Discovery shall commence 15 days after this order.

If needed, a party's Rule 26(a)(2) statements will be due within 60 days of start of discovery, and an opponent's Rule 26(a)(2) statements, if needed, will be due within 90 days of start of discovery. The parties shall have 150 days to complete discovery. Dispositive motions, if any, shall

be filed within 45 days of the close of discovery, the opposing party shall have 30 days thereafter in which to file an Opposition; and that the moving party shall have 15 days to file a Reply.

A trial will be scheduled at the pretrial conference which shall be held, if necessary, approximately 30 days after a decision on all post-discovery dispositive motions, or, if no dispositive motions are filed, approximately 60 days after the close of discovery.

SO ORDERED.

_____               _____
Dated                                                                                     JAMES ROBERTSON
                                                                                                United States District Judge

cc:   Ms. Nikki U. Lotze, Esq.
        Roberts & Wood, Attorneys At Law
        6801 Kenilworth Avenue
        Berkshire Building, Suite 202
        Riverdale, Maryland 20737
        (301) 699-0764; (301) 699-8706 (fax)
        nlotze@robertsandwood.com (e-mail)
        Counsel for Claimants Tony Dee Byrne and Deborah Byrne

        Barry Wiegand
        Assistant United States Attorney
        555 4th Street N.W., Fourth Floor
        Washington, DC 20530
        (202) 307-0299 (with voice-mail)
        (202) 514-8707 (Telefax)
        William.B.Wiegand@USDoJ.Gov